**HEIDEMAN v. STEFANO. (No. 7685.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 12, 1927.)

1. Appeal and error ⚖️759—Assignments of error, referring to paragraphs in motion for new trial, no portion of which was copied into brief, could not be considered.

Where no portion of motion for new trial nor separate assignments of error were copied into brief, assignments of error referring to paragraphs in motion for new trial could not be considered.

2. Bills and notes ⚖️525—Evidence that maker informed one who bought note of failure of consideration showed he was not innocent purchaser.

Evidence that one who bought note was informed by maker before buying same, that note had been given for legal services which payee refused to perform showed that he was not an innocent purchaser of note.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by M. Heideman against Nick Stefano. From a judgment for defendant, plaintiff appeals. Affirmed.

Wm. F. Simmang and A. L. Matlock, both of San Antonio, for appellant.

Lewright & Lewright and W. M. Groce, all of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee on a promissory note for $300, dated January 26, 1921, executed by appellee to George W. Huntress, and also sought to foreclose a chattel mortgage given to secure the payment of the note. Appellee answered that the note was given to Huntress for legal services, which he afterwards failed and refused to perform, and that appellant was not a purchaser for value in good faith before maturity of the note. The cause was submitted to a jury on two issues: First, as to a failure of consideration; and, second, as to appellant being a purchaser in good faith of the note before maturity, for a valuable consideration. The jury found a failure of consideration and that appellant did not purchase the note in good faith for value before maturity, and on the verdict the court rendered judgment that appellant take nothing by his suit and pay all costs.

[1] A motion for new trial was filed, but no portion of it, nor separate assignments of error, are copied into the brief. The assignments of error so-called are six in number, and all are similar to the first which is:

"The court erred in overruling plaintiff's first assignment of error. Paragraph 1, plaintiff's motion for a new trial, Tr. pp. 15–18."

It is apparent that there are no assignments of error in the brief. The assignments

cannot be considered, but we discover from the propositions that the whole complaint is that the evidence does not sustain the answers of the jury to the special issues.

[2] We have carefully read the testimony, and conclude that there is testimony sustaining the verdict of the jury. The legal service for which the note was given was not performed, and appellee was compelled to employ other attorneys to defend in the case for which he had employed the attorney to whom the note was given. The attorney promised to return the note to appellee but failed to do so. Appellant knew of the failure of consideration before he bought the note. He told appellee that he was thinking of buying, and appellee told him all about it and warned him against buying it. The testimony was sufficient to show that he was not an innocent purchaser of the note.

The judgment is affirmed.